## THOMAS SHOOMAKER *v.* COMMONWEALTH.

**Criminal Law—Instructions.**

> In a case where the accused is indicted for malicious shooting and wounding another, and there were witnesses present, and all the evidence shows that the accused shot the prosecuting witness in the back without such witness even knowing of his presence, it is not error for the trial court to refuse to instruct the jury as to the legal effect of crime committed under sudden heat and passion.

### APPEAL FROM FAYETTE CIRCUIT COURT.

### April 19, 1877.

OPINION BY JUDGE LINDSAY:

Thomas Shoomaker was indicted, tried and convicted for malicious shooting and wounding. He complains that the court refused to instruct the jury, in effect, that if they believed the shooting was not done maliciously, but was done unlawfully and without malice, they might find him guilty of shooting in sudden heat and passion.

In case of an encounter, or where the unlawful act was not done in the presence of any witness who can be produced on the trial, both these possible phases of the transaction should be presented to the jury. The court should not undertake to determine the question of fact for the jury. But where a person is being tried for murder committed by poisoning, or where the killing was a manifest assassination, there is no rule of practice requiring the court to instruct as to the legal effect of sudden heat and passion.

In this case the evidence is all on one side. There were persons present at the shooting, and they testified on the trial. There was no rencounter. There had been no recent quarrel. The wounded man was shot from behind, and did not even see the prisoner at the time of the shooting. There was not a single circumstance in proof from which the most inconclusive or unsatisfactory suspicion of sudden heat and passion could be deduced.

If drunkenness and other habits had impaired the mind of the accused, he might have asked an instruction on the subject of mental weakness or derangement. But he asked no such instruction, and under the facts of this case his drunkenness could not properly be considered on the question of malice.

Judgment *affirmed.*

*Morton & Parker, for appellant. Moss, for appellee.*